UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ENVOY MORTGAGE, LTD.** | § § § | |
| **Plaintiff,** | § § | **Case No.** |
| v. | § § | |
| **ORLANDO GUTIERREZ** | § § § | |
| **Defendant.** | § § | |

## ORIGINAL COMPLAINT

Plaintiff, Envoy Mortgage Ltd. ("Envoy"), files this Original Complaint against Defendant, Orlando Gutierrez ("Gutierrez"), and in support would show as follows:

### I.   PARTIES

1. Envoy is a company organized and existing under the laws of Texas, with its corporate headquarters located at 10496 Katy Freeway, Suite 250, Houston, Texas.

2. Gutierrez is an individual, and former employee of Envoy, residing in California. Mr. Gutierrez can be served with process at 220 Rio Vista Drive, King City, CA 93930 or wherever he can be found.

### II.   JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)(2) because the promissory note that is the basis for the claim herein is payable to Envoy in Houston, Texas, which is in the judicial district for the Southern District of Texas.

### III. FACUTAL BACKGROUND

7. Envoy is a Houston-based independent mortgage company licensed in 47 states. Envoy focuses on delivering efficient and stress-free services for home buyers. Envoy offers mortgage lending services, including underwriting, closing, and funding, for a variety of loan products.

8. From approximately November 18, 2019 to April 30, 2021, Mr. Gutierrez served as Regional Manager in California for Envoy. From approximately May 1, 2021 to August 5, 2022, Mr. Gutierrez served as Senior Vice-President for Envoy's West Coast Division.

9. On or about March 15, 2021, Envoy made a loan to Mr. Gutierrez in the amount of $300,000.00. As part of the loan's terms, the parties agreed that all aspects of the loan would be canceled and forgiven by Envoy if Mr. Gutierrez's voluntary employment with Envoy continued through March 15, 2023.

10. Mr. Gutierrez executed a promissory note, dated March 15, 2021, in favor of Envoy for the principal amount of $300,000.00 to evidence the loan. A true and correct copy of the promissory note is attached as Exhibit A. The promissory note provides that it is governed by the laws of the State of Texas and calls for performance in Houston, Texas.

11. The promissory note also provides that Mr. Gutierrez promises and covenants to fully repay the principal amount plus interest, upon the voluntary termination of Mr. Gutierrez's employment with Envoy, if such termination of employment occurs prior to March 15, 2023, with the date of the termination of Mr. Gutierrez's employment being the "Maturity Date" of the note.

12. The promissory note further provides that, if the loan obligations are not canceled and forgiven, the note shall bear interest at a rate of two percent (2%) per annum.

13. On or about August 4, 2022, Mr. Gutierrez orally resigned to Envoy CEO Ron Millard. The following day, Mr. Gutierrez orally confirmed his voluntary termination to Envoy CRO Kelley Hailstone. A true and correct copy of Envoy's completed Termination Checklist for Mr. Gutierrez, dated August 5, 2022, is attached as Exhibit B. As a result, the promissory note became due and payable as of August 5, 2022—the "Maturity Date" per the note terms.

14. Since the date of his voluntary termination, Mr. Gutierrez has failed and refused to pay the principal balance and accrued interest owed under the promissory note.

15. On August 8, 2022, Envoy sent a letter to Mr. Gutierrez demanding repayment of the note.

16. On August 30, 2022, Envoy sent another letter to Mr. Gutierrez, again demanding repayment of the note.

17. To date, Mr. Gutierrez has failed and refused to remit any payment as required under the obligations of the note.

18. Under the terms of the note, Envoy is entitled to repayment of the principal balance plus interest at the agreed-upon rate.

### IV.   CAUSE OF ACTION

#### COUNT I
#### (Breach of Contract)

19. Envoy re-alleges and incorporates by reference all the allegations in the preceding paragraphs as if fully set forth herein.

20. Envoy and Mr. Gutierrez are parties to a valid and enforceable promissory note.

21. Envoy fully complied with its obligations under the promissory note.

22. The promissory note became due and payable on August 5, 2022.

23. Mr. Gutierrez breached the promissory note by failing to pay the principal balance on August 5, 2022.

24. Mr. Gutierrez's breach has caused Envoy damages.

## V.   ATTORNEYS' FEES

25. Envoy re-alleges and incorporates by reference all the allegations in the preceding paragraphs as if fully set forth herein.

26. As a result of Mr. Gutierrez's breach of contract, Envoy had to engage the undersigned counsel to bring this litigation to enforce the contract. Pursuant to Chapter 38 of the Texas Civil Remedies & Practice Code, Envoy is entitled to its reasonable and necessary attorneys' fees due to Mr. Gutierrez's breach of contract.

## VI.   CONDITIONS PRECEDENT

27. Envoy re-alleges and incorporates by reference all the allegations in the preceding paragraphs as if fully set forth herein.

28. All conditions precedent have been performed, have occurred, have been satisfied, or have otherwise been waived.

## VII.   PRAYER

29. WHEREFORE, Envoy prays:

   a. For an order awarding Envoy actual damages;

   b. For an order awarding Envoy attorneys' fees and costs of court, pursuant to Chapter 38 of the Texas Civil Practices & Remedies Code; and

c. For an order awarding Envoy all such other and further relief, at law or in equity, general or special, to which it is entitled.

Dated: 11/17/2022

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: */s/ Geoffrey H. Bracken*
Geoffrey H. Bracken
Texas Bar No. 02809750
gbracken@foley.com
1000 Louisiana Street, Suite 2000
Houston, Texas 77002
Phone: (713) 276-5500
Fax: (713) 276-5555

**ATTORNEY FOR PLAINTIFF**